IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,

    Plaintiff,                       No. CIV.S. 06-1689 DFL PAN (GGH) PS

    vs.

VICTOR RAMIREZ,                           ORDER

    Defendant.

_____/

        Plaintiff, proceeding in pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This matter was referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21).

        Plaintiff has submitted an incomplete affidavit in support of her application to proceed in forma pauperis.  She did not fully answer Questions No. 2b (she failed to state "the amount of your take-home salary or wages and pay period and the name and address of your last employer"); No. 3 (although plaintiff state she receives money from "disability or workers compensation payments" and "gifts or inheritances," she failed to describe "each source of money and state the amount received and what you expect you will continue to receive"); and No. 4 (plaintiff failed to state her total amount of cash, including that with which she intends to open a checking account).

1

1    Plaintiff's incomplete application fails fully to inform the court whether plaintiff
2 is unable to prepay fees and costs or give security for them, and therefore fails to meets the
3 requirements of 28 U.S.C. § 1915(a).
4    Accordingly, plaintiff's application is denied without prejudice. Within thirty
5 days of service of this order, plaintiff may file a complete application for this court's further
6 consideration.
7    The determination whether plaintiff may proceed in forma pauperis does not
8 complete the present inquiry, as the court is unable to determine a jurisdictional basis for this
9 action. "A party invoking the federal court's jurisdiction has the burden of proving the actual
10 existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.
11 1996). Plaintiff has failed to meet this burden.
12    Plaintiff's complaint states in its entirety, "I would like to file a civil harassment
13 restraining order on Victor Ramirez at 3191 32nd St., Sacramento CA 95824."
14    A federal court is a court of limited jurisdiction, and may adjudicate only those
15 cases authorized by the Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co,
16 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). Lack of subject matter jurisdiction may be
17 raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer
18 Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). The basic federal jurisdiction statutes, 28
19 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively,
20 while statutes regulating specific subject matter may also confer federal jurisdiction. See
21 generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial
22 § 2:5.
23    The complaint makes no reference to federal law or a federal right, and does not
24 assert diversity jurisdiction. The complaint must therefore be dismissed.[1] However, consistent

---

[1] Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

with the court's liberal construction of pro se pleadings,[2] the court will grant leave to file an amended complaint within thirty days of service of this order.

   Accordingly, IT IS HEREBY ORDERED that:

   1.  Plaintiff's request for leave to proceed in forma pauperis is denied;

   2.  Plaintiff's complaint is dismissed;

   3.  Plaintiff is granted thirty days from the date of service of this order to file both a complete application to proceed in forma pauperis and an amended complaint that establishes this court's subject matter jurisdiction;  the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; and

   4.  Failure to file either a complete informa pauperis application or an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

   So ordered.

DATED:  8/9/06

              /s/ Gregory G. Hollows

              _____
              GREGORY G. HOLLOWS
              UNITED STATES MAGISTRATE JUDGE

NOW6:ALFARO.Ramirez.ifp.wpd

---

which relief may be granted, or seeks monetary relief against an immune defendant.  Additional general grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)).  The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

 [2]  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).