IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA CHRISTINA ALFARO,

      Plaintiff,                    No. CIV S-06-1689 DFL EFB PS

      vs.

VICTOR RAMIREZ,

      Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

      On August 9, 2006, Magistrate Judge Gregory H. Hollows issued an order in the above-captioned case, denying plaintiff's request to proceed *in forma pauperis* and dismissing the case with leave to amend.[1] By that same order, plaintiff was ordered to file within thirty days from the date of service of the order both a completed application to proceed *in forma pauperis* and an amended complaint establishing this court's subject matter jurisdiction. The order, which was served on plaintiff on August 10, 2006, cautioned plaintiff that failure to file either a complete *in forma pauperis* application or an amended complaint would result in a recommendation that this action be dismissed. Plaintiff has not complied with that order and for the reasons set forth below, the undersigned recommends that this action be dismissed without

---

[1] This case was subsequently re-assigned to the undersigned.

1

leave to amend.

Plaintiff's first application to proceed *in forma pauperis* was denied because she failed to fully answer several questions regarding her income and assets. Specifically, she did not fully answer question no. 2b (regarding the "amount of your take-home salary or wages and pay period and the name and address of your last employer"); question no. 3 (regarding the amount, source and frequency of the "disability or workers compensation" and "gifts and inheritances" she receivs); and question no. 4 (regarding the cash with which she planned to open a checking account).

On August 29, 2006, plaintiff filed a new application to proceed *in forma pauperis*. That application is also incomplete. As to question no. 2b, plaintiff states that her last day of employment was "2/18/06" but she fails to provide the name and address of her last employer and the amount of her take-home salary or wages, as required by the application form. As to question no. 3, she again fails to describe the amount, source and frequency of the her "disability or workers compensations payments" and of her "gifts or inheritances." Without a completed application, plaintiff's request to proceed cannot be granted.

Plaintiff also filed an amended complaint on August 29, 2006. The amended complaint, like the original complaint, fails to set forth the basis for this court's subject matter jurisdiction over plaintiff's claims. Neither can the court determine a jurisdictional basis for this action from the allegations in the complaint. A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). A case presumably

lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The amended complaint makes no reference to federal law and does not appear to be based on diversity jurisdiction. The amended complaint is largely incomprehensible, although it appears that plaintiff seeks an order to stop the government from "given [*sic*] away [her] things to [defendant]." Neither this statement nor any other allegation in the complaint establishes a basis for this court's subject matter jurisdiction.[2]

Plaintiff has not complied with the court order dated August 9, 2006, which required her to submit a complete *in forma pauperis* application and to amend the complaint to establish this court's subject matter jurisdiction. That order warned plaintiff that such failure would result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

---

[2] On September 7, 2006, plaintiff filed a letter with the court that apparently concerns the defendant. In it, she accuses him of stealing from and harassing her and her children. Attached to the letter are a complaint form filed with the California Department of Consumer Affairs and a reply letter from that agency. The complaint form contains allegations by plaintiff against the City of Sacramento regarding what appear to be problems in her apartment. This letter and its attachments do nothing to explain what claims plaintiff asserts in this action and how this court has subject matter over them.

1    1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

2    DATED: September 14, 2006.

/s/ Edmund F. Brennan

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE